**COUNTY OF HUDSON, NEW JERSEY**
**OFFICE OF THE COUNTY COUNSEL**
**DEPARTMENT OF LAW**
*ADMINISTRATION BUILDING ANNEX*
*567 PAVONIA AVENUE*
*JERSEY CITY, NJ  07306*
*(201) 795-6250*
Fax: (201) 795-6428

**CRAIG GUY**
*County Executive*

**DONATO J. BATTISTA**
*County Counsel*

**ALBERICO DE PIERRO**
*Deputy County Counsel*

*Laura J. Wadleigh*
*Senior Assistant County Counsel*

*John J. Collins*
*Sean D. Dias*
*David B. Drumeler*
*Reana Garcia*
*Donald L. Gardner*
*Georgina Giordano Pallitto*
*Nidara Rourk*
*Daniel W. Sexton*
*Aurelio Vincitore*

July 22, 2024

**(Via PACER)**
Hon. Cathy L. Waldor, U.S.M.J.
Martin Luther King Jr. Courthouse
50 Walnut Street
Room 4040, Courtroom 4C
Newark, NJ 07101

        **Re: Alexander v. Guttenberg, et al**
        **Civil Action No.: 2:21-cv-15002-JMV-CLW**

Dear Judge Waldor:

      We represent Esther Suarez (in her official capacity) and the Hudson County Prosecutor's Office (hereinafter referred to as "County Defendants"), in the above matter. This letter brief is submitted in opposition to Plaintiff's notice of motion to permit the amendment of Plaintiff's complaint. The motion is designated as Doc. 114 and is returnable on August 5, 2024.

## **LEGAL ARGUMENT**

With respect to the motion for leave to file a second amended complaint, Plaintiff has failed to comply with L. Civ. R. 15.1 and therefore the motion should be denied. Plaintiff in fact only served a copy of the second amended complaint on Friday, July 19, 2024, three dates before the opposition is to be filed.

L. Civ. R. 15.1(a)(1) requires that a proposed amended pleading be appended to each motion to amend. Additionally, a copy of the proposed pleading is to be redlined so that the opposing parties and proposed parties are able to ascertain the changes between the previous pleading and the proposed amended pleading as is required by L. Civ. R. 15.1 (a)(2). Plaintiff has failed to attach a proposed amended pleading and a marked copy of same and only did so three days ago, a violation of the Rules. Accordingly, the parties and the Court were left to guess the content of the proposed second amended complaint until the business day before any opposition to the motion would be due. Therefore, Plaintiff's motion must, accordingly, be denied. Plaintiff's brief says, "HCPO has been on notice of this matter since the beginning" but what Plaintiff fails to cite to the Court is that he also has been on notice since the beginning, especially since he is the alleged victim and is a licensed attorney in the State of New Jersey.

As indicated in Plaintiff's papers, Plaintiff has been incessantly complaining to and about the HCPO since on or about September 2019. Yet only now, at this late date, three years into the litigation and five years since the alleged events, Plaintiff seeks permission to include our clients as parties. Leave to amend may be denied where the moving party has unduly delayed in moving or where prejudicial to an adverse party. Sri Int'l v. Internet Sec. Sys., 817 F. Supp. 2d 418, 422 (D. Del 2011), citing Bjorgung v. Whitetail Resort, L.P., 550 F. 3d 263, 266 (3d Cir. (2008). Here, according to the parties, fact discovery has been virtually completed, and the County Defendants have never been involved in this litigation. Permitting Plaintiff to amend the Complaint now and only now bring in the County Defendants is utterly prejudicial to the County Defendants. Furthermore, the County Defendants are also immune under the Eleventh Amendment. See, Beightler v. Office of the Essex County Prosecutor, 342 Fed. App'x 829, 832-833 (3d Cir. 2009), so such an

amendment would also be futile. Where, as here, a proposed amendment would be futile, the motion should be denied. Forman v. Davis, 371 U.S. 182 (1962), Green v. Robinson, 112 Fed. Appx. 165, 168 (3d Cir. 2004).

          Respectfully submitted,
          Donato J. Battista
          Hudson County Counsel

          s/ *Alberico De Pierro*

          Alberico De Pierro

          Deputy County Counsel

AD:dmp