NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TIMOTHY H. ALEXANDER, | Civil Action No. 21-15002 (SDW) (CF) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| TOWNSHIP OF GUTTENBERG, *et al.*, | May 4, 2026 |
| Defendants. | |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Plaintiff Timothy Alexander's ("Plaintiff") Motion for Reconsideration, (D.E. 226 ("Motion")), filed in connection with this Court's January 14, 2026 Opinion and Order, (D.E. 216 & 217), granting Defendants' Motions for Summary Judgment and denying Plaintiff's motion for reconsideration of Cathy L. Waldor's, U.S.M.J. ("Judge Waldor") April 3, 2025 decision addressing Plaintiff's Second Motion for Discovery; and

**WHEREAS** the genesis of this case dates back to August 9, 2021. (D.E. 1.) This Court addressed the merits of Plaintiff's Amended Complaint, (D.E. 71 ("AC"))—the operative pleading at the time Defendants[1] filed their motions for summary judgment—in its January 14, 2026

---

[1] All Defendants in the case moved for summary judgment. Defendants the Township of Guttenberg ("the Township"), Magenheimer, and Barrera (hereinafter, "the Administrative Defendants") jointly moved. Similarly, Defendants Lugo, Ramadanovic, Rysiec, Martinez, and Dominguez ("Officer Defendants") jointly moved.

1

decision.[2]  (D.E. 216 at 7–8.)  Plaintiff's Amended Complaint contained the following claims: municipal liability under 42 U.S.C. § 1983 ("Section 1983") for an unconstitutional policy, practice, or custom pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) (Count I); violations of Plaintiff's Fourth and Fourteenth Amendment rights through false imprisonment, false arrest, fabrication of evidence, and malicious prosecution (Count II); conspiracy to engage in the acts alleged in Count II, pursuant to 42 U.S.C. § 1985 (Count III); failure to train and/or supervise (Count IV); negligent hiring/retention (Count V); intentional and negligent infliction of emotional distress (Count VI); violations of the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. §§ 10:6-1 and -2 (Count VII); and punitive damages (Count VIII). (*See generally* D.E. 71); and

**WHEREAS** this Court addressed Plaintiff's federal claims and then turned to the remaining state claims.  This Court found that Plaintiff's allegations of false arrest, false imprisonment, fabrication of evidence, and malicious prosecution asked it to question the underlying probable cause determination made in the state matter adjudicating the charges brought against Plaintiff following the August 16, 2019 incident—an inquiry the Court could not engage in pursuant to the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  (D.E. 216 ("Op.") at 16–17.)  Similarly, this Court concluded Defendants Magenheimer, Barrera, and the Officer Defendants were entitled to qualified immunity because the officers did not act in such a way that it would be apparent to a reasonable officer that his or her conduct was unlawful at the time.  (*Id.* at 19–20.)  Given Plaintiff's failure to identify either the rights or means used to violate said rights by those Defendants in a supervisory capacity, this Court found no basis for vicarious liability borne out of the alleged Fourth Amendment violations.  (*Id.* at 20 n.17); and

---

[2] A full recitation of the facts can be found in this Court's decision.

**WHEREAS** as to Plaintiff's *Monell*, negligent hiring, and failure to train claims, upon reviewing the January 17, 2019 Internal Affairs ("IA") Report and Plaintiff's expert report relied upon by Plaintiff, this Court determined there was no genuine issue of material fact. (*Id.* at 22–29.) More specifically, this Court concluded Plaintiff's expert report was excludable because it violated Federal Rule of Civil Procedure ("Rule") 56(c)(4) and ran afoul of the Federal Rules of Evidence by offering "ultimate issue" opinions on issues such as use of force and custom. (*Id.* at 24–27.) Upon reviewing the 2019 IA Report, this Court found no genuine issue of material fact given the lack of temporal proximity between when the investigations occurred and when the incident with Plaintiff took place as well as the remedial actions taken by the Township. (*Id.* at 27–28.) As to negligent hiring and failure to train, Plaintiff's failure to set forth elements such as deliberate indifference and causation were detrimental to said claims. (*Id.* at 28–29); and

**WHEREAS** turning to Plaintiff's state law claims, this Court held that because § 1983 and NJCRA claims are interpreted coterminously in this district, Plaintiff's failure to prevail on his federal claims necessarily meant his state claims failed too. (*Id.* at 30.) Finding no basis for liability, Plaintiff's request for punitive damages was denied. (*Id.*); and

**WHEREAS** this Court also denied Plaintiff's appeal of Judge Waldor's decision pertaining to reopening discovery. (*Id.* at 12–13.) After reviewing the way in which discovery was carried out, this Court determined Judge Waldor's decision was not an abuse of discretion or clearly erroneous or contrary to law, giving credence to the fact that Judge Waldor managed discovery from the case's inception. (*Id.* at 12–13); and

**WHEREAS** on February 10, 2026, Plaintiff filed the instant Motion. (D.E. 226.) Officer Defendants opposed the Motion on February 26, 2026. (D.E. 228.) Administrative Defendants filed their Opposition on March 2, 2026. (D.E. 229); and

3

**WHEREAS** "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.*; and

**WHEREAS** although the Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice,'" it has suggested "there is substantial, if not complete, overlap between the two concepts," with the focus being "on the gravity and overtness of the error." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018). A litigant "must show more than mere disagreement with [an] earlier ruling," he or she must show "a direct, obvious, [or] observable error," and "one that is of at least some importance to the larger proceedings." *Id.* at 312 (second alteration in original) (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)). *Cf. Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) ("A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)); and

**WHEREAS** motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 185, 189 (D.N.J. 2013). "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for re[consideration]." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** in reviewing the arguments presented by Plaintiff in his moving brief, this Court concludes that Plaintiff has not put forth any basis for reconsideration consistent with the requisite standard.  Plaintiff has utilized his Motion as a vehicle to express his disagreement with this Court's disposition of the matter; he does not put forth new evidence "that was not available when [this] [C]ourt issued its order," an intervening change in controlling law, or a clear error of fact or law or manifest injustice.[3]  *See Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2021); and

**WHEREAS** for example, Plaintiff raises several of the same arguments he previously made to this Court.  (*Compare* D.E. 187 at 17–18 (discussing OPRA 222-20 in his opposition brief to Defendants' motions for summary judgment), *with* D.E. 226-1 at 14 (claiming OPRA 222-20 is "evidence of cover-up culture"), *and* D.E. 176 at 21 (noting Sergeant Patrick Giannini met with Mr. Renaud and Deputy Chief Pelaez on May 2, 2024 and participated in the "cover-up" culture), *with* D.E. 226-1 at 8 (mentioning the May 2, 2024 meeting while discussing Giannini's "many

---

[3] Notwithstanding that no reply brief was permitted, Plaintiff submitted a notice of supplemental authority on March 25, 2026 highlighting the Supreme Court's recent decision in *Zorn v. Linton*, 146 S. Ct. 926 (2026) and why "[s]ummary [j]udgment cannot stand here." (D.E. 234 at 1.)  Plaintiff claims his case in unlike *Zorn* because it "involves force used without warning." (*Id.* at 2.)  By Plaintiff's own admission, *Zorn* is inapposite and irrelevant to this case.

In *Zorn*, the Supreme Court reversed the Second Circuit's decision holding that *Amnesty America v. West Hartford*, 361 F.3d 113 (2004) "clearly established that the 'gratuitous' use of a rear wristlock on a protester passively resisting arrest constitutes excessive force" and application of *Amnesty America* to conclude an arresting officer was not entitled to qualified immunity.  146 S. Ct. at 929–31.  The Court reasoned that because *Amnesty America* did not clearly establish that the arresting officer's specific conduct violated the Fourth Amendment, reasonable officials would not have understood said conduct to violate the Constitution.  *Id.* at 930–31.  Thus, the arresting officer was entitled to qualified immunity.  *Id.* at 931.

Upon review, *Zorn* underscores the principle that "[w]hether any particular use of force violated the Fourth Amendment depends on 'the facts and circumstances of each particular case,'" particularly since precedent must define a clearly established right with a high degree of specificity.  *Id.* at 930 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  This further supports this Court's reasoning and ultimate holding that Defendants Magenheimer, Barrera, and Officer Defendants were entitled to qualified immunity on Plaintiff's excessive force claim.  (Op. at 19–20.)

roles").)  The arguments advanced by Plaintiff in his Motion are inappropriate for a motion for reconsideration and should be raised through the appellate process; therefore

Plaintiff's Motion is **DENIED**. An appropriate order follows.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
             Cari Fais, U.S.M.J.